UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

————————————————————————

RAKEEM GOLSON,

            Petitioner,

     -vs-

THOMAS GRIFFIN,

            Respondent.

**DECISION AND ORDER**
**No. 1:13-cv-00092(MAT)**

————————————————————————

## INTRODUCTION

Proceeding <u>pro se</u>, Rakeem Golson ("Petitioner") filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is detained in Respondent's custody in violation of his federal constitutional rights. For the reasons discussed herein, Petitioner's request for a writ of habeas corpus is denied, and the petition is dismissed.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner is presently incarcerated pursuant to a judgment of conviction entered against him on October 21, 2008, in New York State, Niagara County Court (Sperrazza, J.). The conviction stems from an incident on April 3, 2007, in which Petitioner, Amy Bower ("Bower"), Antonio Clark ("Clark"), and an unidentified man, agreed upon a plan to rob Shawn Pittler ("Pittler"), a known drug dealer. Bower, a crack addict who knew Pittler, contacted him and arranged to go his apartment on Locust Street in Lockport to purchase marijuana. After completing the purchase, Bower opened the door to

leave. This gave her three co-conspirators the opportunity to storm into Pittler's apartment, where they threatened Pittler and the other occupants of the apartment with a pistol, stole their property, and assaulted them with their fists and the pistol. Following a jury trial, in which he was tried jointly with Clark, Petitioner was convicted of two counts of Conspiracy in the Fourth Degree (New York Penal Law ("P.L.") § 105.10(1)); five counts of Burglary in the First Degree (P.L. § 140.30(2), (3), (4)); six counts of Robbery in the First Degree (P.L. § 160.15(3), (4)); two counts of Robbery in the Second Degree (P.L. § 160.10(1)); and two counts of Assault in the Second Degree (P.L. § 120.05(2)).

On direct appeal, the Appellate Division, Fourth Department, of New York State Supreme Court modified in part, and otherwise unanimously affirmed, Petitioner's conviction. People v. Golson, 93 A.D.3d 1218 (4th Dep't 2012). The Appellate Division noted that in deciding co-defendant Clark's appeal, it had ruled that "count eight, charging . . . burglary in the second degree under [P.L.] § 140.25(2), 'must be dismissed as a lesser inclusory [sic] count of counts three through seven, charging . . . burglary in the first degree.'" Id. at 1219 (quoting People v. Clark, 90 A.D.3d 1576, 1755 (4th Dep't 2011)). The Appellate Division modified Petitioner's judgment accordingly. Id. The New York Court of Appeals subsequently denied leave to appeal. People v. Golson, 19 N.Y.3d 864 (2012).

This timely habeas petition followed. Petitioner re-asserts the claims raised on direct appeal as his grounds for habeas relief. Respondent answered the petition and filed a memorandum of law (Dkt #8-2) asserting the defense of non-exhaustion as to the bolstering and weight-of-the-evidence claims, and the defense of procedural default as to the perjury claim. Respondent argues in the alternative that all of the claims are meritless. Petitioner filed a reply (Dkt #12) which was captioned as a "Statement of Facts."

## DISCUSSION

### I. The Bolstering Claim Is Unexhausted But Should Be Deemed Exhausted and Procedurally Defaulted

During her testimony, Bower mistakenly identified co-defendant Clark as Golson; she explained that Golson had long hair with braids at the time of the crime. The prosecutor then was permitted to call a police officer to testify about the out-of-court identification of Petitioner that Bower had made. On direct appeal, Petitioner argued that the trial court erroneously permitted the prosecution to "bolster" Bower's identification of Petitioner. The Appellate Division noted it was "undisputed" that Golson had short hair at the time of the trial. Thus, the Appellate Division concluded, based upon Golson's change of appearance, the trial court properly determined that Bower was unable to identify him on the basis of present recollection. People v. Golson, 93 A.D.3d at

-3-

1220. Respondent argues that Petitioner did not fully exhaust his bolstering[1] claim.

Pursuant to 28 U.S.C. § 2254(b), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Title I, § 106(b), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996), "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b). In New York, to invoke "one complete round of the State's established appellate review process" so as to fulfill Section 2254(b)'s exhaustion requirement, a petitioner first must appeal his conviction to the Appellate Division, and then must seek further review by applying to the Court of Appeals for a certificate granting leave to appeal. Galdamez v. Keane, 394 F.3d 68, 74 (2d Cir. 2005) (quoting O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999)). On appeal, the petitioner must ensure that his "federal claim was fairly presented to the state court." Smith v. Duncan, 411 F.3d 340, 348 (2d Cir. 2005) (citing Daye v. Attorney Gen'l of N.Y., 696 F.2d 186, 194 (2d Cir. 1982) (en banc)

---

[1] "Under New York law, bolstering is 'derived from People v. Trowbridge, 305 N.Y. 471, 113 N.E.2d 841 (1953), that it is error to permit an identification made by one witness to be corroborated by the testimony of another witness who merely testifies that the identification occurred.'" Diaz v. Greiner, 110 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) (quoting Styles v. Van Zandt, 1995 WL 326445 at *5 (S.D.N.Y. 1995), aff'd mem., 101 F.3d 684 (2d Cir. 1996)).

(discussing means of fairly presenting federal claim to state court "even without citing chapter and verse of the Constitution")).

Respondent contends that the bolstering claim is not exhausted because Petitioner did not fulfill the "fair presentment" requirement. That is, Petitioner did not frame the claim as a federal constitutional issue when he presented it on direct appeal. In the argument point heading, Petitioner stated that "permitting the prosecution to bolster Amy Bower's misidentification of appellant through third party testimony constituted reversible error." (Dkt #8-1, p. 27 of 138). In his argument on this point, Petitioner cited no federal cases, nor any state cases employing a constitutional analysis. In the penultimate sentence of the argument, Petitioner asserted that he "was denied his right to due process of law and a fair trial under both the state and federal constitution." (Dkt #8-1, p. 29 of 138). However, this reference to due process was inadequate to fairly apprise the state court that he was asserting a federal constitutional claim. See, e.g., Schafer v. LaVallee, No. 1:12-CV-00419-MAT, 2013 WL 5272963, at *4 (W.D.N.Y. Sept. 17, 2013) (petitioner's assertion on direct appeal that the trial court "committed reversible error" when it excluded testimony concerning a witness' reputation in her community for truth and veracity, but did not cite any constitutional provision, or any Supreme Court or other federal case law, instead relying exclusively on two state-court appellate cases which addressed

whether trial courts, as a matter of state law, had committed reversible error by excluding the same type testimony; this was insufficient to fairly present the evidentiary claim in federal constitutional terms for exhaustion purposes) (citing Ayala v. Scully, 640 F. Supp. 179, 181-82 (S.D.N.Y. 1986) (petitioner who referred to admission of evidence as "highly prejudicial" and "reversible error" in state court brief without asserting specific federal constitutional authority upon which he relied, failed to cite cases in that brief which employed federal constitutional analysis, and framed issue in that brief in terms of state law evidentiary violation rather than federal constitutional claim, had not fairly presented that claim to state court); Taylor v. Scully, 535 F. Supp. 272, 274-75 (S.D.N.Y. 1982) (holding that petitioner did not, by bare reference to principles of due process, "fairly present" to state court legal basis of claim that trial court committed "reversible error" by denying his motion to exclude testimony that he displayed gun prior to drug sale that led to his conviction and thus petitioner had not exhausted state remedies with respect to such claim)).

"For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'" Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991) (quoting Harris v. Reed, 489 U.S. 255, 263 n. 9 (1989)). Such is the case

here. Petitioner's unexhausted bolstering claim concerns a ruling by the trial court and thus is record-based. Because this claim already was raised and decided on direct appeal, Petitioner is now barred under New York state law from raising it in a collateral motion to vacate the judgment. <u>See</u> N.Y. CRIM. PROC. LAW § 440.10(2)(a) (providing that "the court must deny a motion to vacate a judgment when . . . [t]he ground or issue raised upon the motion was previously determined on the merits upon an appeal from the judgment"). Petitioner cannot pursue a second direct appeal, for under New York State law, a criminal defendant is only entitled to one appeal to the Appellate Division and one request for leave to appeal to the Court of Appeals. <u>See</u> N.Y. CT. RULE 500.20(2) (providing that application for leave to appeal to the New York Court of Appeals in a criminal case pursuant to C.P.L. § 460.20 must include statement that "no application for the same relief has been addressed to a justice of the Appellate Division, as only one application is available"); N.Y. CRIM. PROC. LAW § 450.10(1); <u>see also</u> N.Y. CT. RULES 500.20(d).

Since Petitioner has no further recourse in state court for his bolstering claim, it should be deemed exhausted. <u>See</u>, <u>e.g.</u>, <u>Reyes v. Keane</u>, 118 F.3d 136, 139 (2d Cir. 1997) ("Reyes's claim should be deemed exhausted because any attempt at exhaustion in the face of this procedural default would be futile."). The foregoing procedural bar to presentment in state court, which causes the

Court to deem the claim exhausted, also renders it procedurally defaulted. <u>See</u> <u>id.</u> ("Although Petitioner's claim of ineffective assistance is deemed exhausted, we nonetheless find that, by defaulting on that claim in state court, Reyes forfeits that claim on federal habeas review, even though the claim is brought as cause for another procedural default.") (citing <u>Gray v. Netherland</u>, 518 U.S. 152, 162 (1996)).

To avoid such a procedural default, a habeas petitioner must demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. <u>Gray</u>, 518 U.S. at 162 (citations omitted). Petitioner has not addressed Respondent's arguments concerning the non-exhaustion defense. He has not attempted to show cause for the default and actual prejudice attributable thereto, or a miscarriage of justice. In particular, the Court notes that prejudice is lacking, since numerous district courts in this Circuit have held that bolstering claims are not cognizable on federal habeas review. <u>Diaz v. Greiner</u>, 110 F. Supp. 2d 225, 234 (S.D.N.Y. 2000) (citing, <u>inter alia</u>, <u>Vega v. Berry</u>, No. 90 Civ. 7044(LBS), 1991 WL 73847, at *2 (S.D.N.Y. Apr. 29, 1991)("Although bolstering is a practice prohibited in various states, including New York, the practice is not forbidden by the Federal Rules of Evidence and is not sufficiently prejudicial to deprive a defendant of his due process

right to a fair trial.")). Finding no basis on the record to excuse the default, the Court dismisses Golson's bolstering claim on as procedurally barred.

## II. The Weight of the Evidence Claim Is Not Cognizable on Habeas Review

Petitioner reprises his claim, raised on direct appeal, that the verdicts were against the weight of the evidence because the only evidence tending to connect him to the commission of the crimes was based on wholly incredible witness testimony. Although the Appellate Division agreed with Petitioner that "another result would not have been unreasonable," given that he "was identified by only two prosecution witnesses," one (Bower) who was "a drug addict who was also indicted for these crimes and who received a favorable plea agreement in exchange for her testimony," and the other (Pittler) who had "a lengthy criminal record." Golson, 93 A.D.3d at 1219. Nevertheless, the Appellate Division held, "upon weighing the relative strength of the conflicting inferences that may be drawn from the testimony, the jury did not fail to give the evidence the weight it should be accorded." Id. (internal quotation marks and citation omitted).

Petitioner's "weight of the evidence" claim derives from C.P.L. § 470.15(5), which permits an appellate court in New York to reverse or modify a conviction where it determines "that a verdict of conviction resulting in a judgment was, in whole or in part, against the weight of the evidence." N.Y. CRIM. PROC. LAW

§ 470.15(5). As the Court of Appeals has recognized, a "weight of the evidence" argument is a pure state law claim grounded in New York's criminal procedure statute, whereas a legal sufficiency claim is based on federal due process principles. People v. Bleakley, 69 N.Y.2d 490, 495 (1987). Because a "weight of the evidence" implicates only New York state law, it is not cognizable on federal habeas review. See 28 U.S.C. § 2254(a) (permitting federal habeas corpus review only where the petitioner has alleged that he is in state custody in violation of "the Constitution or a federal law or treaty"); see also, e.g., Ex parte Craig, 282 F. 138, 148 (2d Cir. 1922) (holding that "a writ of habeas corpus cannot be used to review the weight of evidence . . ."), aff'd, 263 U.S. 255 (1923). "Disagreement with a jury verdict about the weight of the evidence is not grounds for federal habeas corpus relief." Kearse v. Artuz, 99 Civ. 2428, 2000 WL 1253205 at *1 (S.D.N.Y. Sept. 5, 2000). ); Accordingly, the Court dismisses Petitioner's claim that the verdicts were against the weight of the credible evidence.

## III. The Perjury Claim is Procedurally Defaulted Under the Adequate and Independent State Ground Doctrine

Prior to trial, and as part of their Brady disclosure, the prosecution advised the attorneys for Petitioner and co-defendant Clark that prosecution witness (and indicted co defendant) Bower had received a plea bargain concerning her pending charges. In exchange for testifying against her co-defendants, Bower was

allowed to plead guilty to one Class D violent felony and one Class E non-violent felony. (T.735). During cross-examination by Petitioner's counsel, Bower admitted that there was a plea, but falsely denied that she was asked to testify as part of that plea. (T.602-03). Bower stated, "I was given a plea, but I was never given a plea that I cooperate, my plea is [sic] what I'm going to be sentenced to, if I testify[,] I was going to get this or that." (T.602). Defense counsel neither objected to the testimony nor made a motion asking that the trial court jury be instructed, at that time, concerning Bower's plea agreement.

It was not until a few days later, at the charge conference, that defense counsel acknowledged that "the People are correct that we are aware of [Bower's] plea offer" (T.737), but argued, as a matter of law,[2] that the prosecution had an obligation to tell the jury "that there is some benefit, whether it be by the plea itself, or that of sentencing as a result of the plea." (Id.). The prosecution disputed this, stating that since defense counsel was aware of the nature of the plea, "they could have asked questions about that." (Id.) Defense counsel replied that "the burden is on the People to make the [c]ourt aware at that moment . . . that

---

[2] "[I]n the face of a prosecutor's knowledge that a witness' testimony denying that a promise of leniency was given is false, he or she has no choice but to correct the misstatement and to elicit the truth. This is no less than an effectuation of the principle that 'nondisclosure of evidence affecting credibility falls within' the rule enunciated in Brady v. Maryland. . . ." People v. Piazza, 48 N.Y.2d 151, 162-63 (1979) (citations omitted).

-11-

[Bower's testimony is] not true and have the jury so instructed," and that the defense did not have to do anything further. (T.738). The trial court stated that it would instruct the jury that Bower received a benefit in the form of a plea to a lesser charge, but that no promise was made with respect to sentencing. (T.738). Defense counsel requested an additional instruction to the effect that Bower had testified incorrectly that she received no benefit; the trial court denied this request. During the jury charge, the trial court informed the jury that Bower received a benefit insofar as she was allowed to enter a plea to a lesser offense in exchange for her testimony. (T.835). At the end of the charge, there were no objections concerning this issue. (T.892-94).

On direct appeal, Petitioner claimed that the prosecutor violated his due process rights by failing to correct Bower's testimony concerning whether she received a benefit in exchange for her testimony. The Appellate Division found it unpreserved because defense counsel "failed to object in a timely manner[.]" Id. at 1220 (citation omitted). The Appellate Division went on to hold that prosecutor's disregard of his obligation "to correct misstatements by a witness concerning the nature of a promise" was harmless error because the trial court instructed the jury that Bower also had been indicted for the crimes with which Petitioner was charged, but had been permitted to plead guilty to lesser offenses in exchange for her testimony. Id.

Respondent argues that this claim is procedurally defaulted on the basis that the Appellate Division relied on an adequate and independent state ground to dismiss it, namely, the contemporaneous objection rule codified at C.P.L. § 470.05(2). It is well-settled that "federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where the state court has also ruled in the alternative on the merits of the federal claim." Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).  Generally, a party's failure to make a timely objection in compliance with an applicable contemporaneous objection rule constitutes an independent and adequate state ground for denying review. See Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977). New York's contemporaneous objection rule "require[s], at the very least, that any matter which a party wishes the appellate court to decide have been brought to the attention of the trial court at a time and in a way that gave the latter the opportunity to remedy the problem and thereby avert reversible error." Garcia v. Lewis, 188 F.3d 71, 78 (2d Cir. 1999) (quoting People v. Luperon, 85 N.Y.2d 71, 78 (1995)). Here, the Court has reviewed the transcript and the applicable case law, and finds that the rule requiring a timely objection is "firmly established and regularly followed," Cotto v. Herbert, 331 F.3d 217, 244 (2d Cir. 2003), in circumstances analogous to Petitioner's case. See, e.g., People v. Hendricks, 769 N.Y.S.2d 432, 433

-13-

(4th Dep't 2003). Although defense counsel was correct that the prosecutor had an obligation to correct misleading testimony by Bower about her plea, New York courts consistently hold that it is incumbent upon the defendant to lodge a timely objection alerting the trial court to the offending testimony by the prosecution's witness. The Court agrees with Respondent that the claim is procedurally barred by an adequate and independent state law ground. As discussed above in the context of Petitioner's deemed-exhausted and procedurally-defaulted bolstering claim, he has not demonstrated cause for his default or actual prejudice resulting from the default, or that a fundamental miscarriage of justice will occur if the Court does not hear this claim. Accordingly, the Court dismisses the claim regarding the prosecutor's failure to correct Bower's testimony as subject to an unexcused procedural default.

## CONCLUSION

For the reasons discussed above, the request by Rakeem Golson for a writ of habeas corpus is denied, and the petition (Dkt #1) is dismissed. Because Golson has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

S/Michael A. Telesca

HON. MICHAEL A. TELESCA
United States District Judge

DATED:    March 30, 2017
          Rochester, New York

-14-